UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY RUSSELL,

    Petitioner,

v.                          Case No: 5:13-cv-554-Oc-29PRL

WARDEN, FCC COLEMAN - USP II,

    Respondent.
_____

**ORDER OF DISMISSAL**

**I.**

Petitioner Anthony Russell (hereinafter "Petitioner" or "Russell") initiated this action as a federal prisoner incarcerated at Coleman II by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition). The Petition challenges Petitioner's plea-based conviction entered in the United States District Court in the Eastern District of North Carolina. See Petition at 1-2. In this case, Petitioner entered a plea agreement in which he plead guilty to the following three counts: conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One); using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2) (Count Three); possession of a firearm by a convicted felon in violation of 28 U.S.C. §§ 922(g)(1) and 924(a)

(Count Four).  See United States v. Russell, Case No. 5:08-cr-00105-D-1 (E.D. N.C. 2008) (hereinafter "CR Doc."), Docs. #1, #61, #62.  Petitioner further stipulated in the plea agreement that the statutory maximum sentence applicable to his section 924(c) offense was life imprisonment.  Response at 2 (citing CR Doc. #62 at 7).  The district court subsequently sentenced Petitioner to serve 12 months imprisonment on count one, 60 months imprisonment on count four, and 84 months imprisonment on count three, to run consecutively, for a total term of 144 months imprisonment.  Id. at 2 (citing CR Doc. #117, #119).  Petitioner was not sentenced under the Armed Career Criminal Act.  Id. (citing CR Docs. #117, #119).

In the instant § 2241 Petition, Petitioner asserts that his 84-month sentence for his section 924(c) offense is unconstitutional and was imposed in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013).  Petition at 6-7.  As relief, Petitioner requests that the Court vacate his sentence, resentence him on counts one and four, and dismiss count three.  Id. at 8.

In Response (Doc. #7, Response), Respondent moves to dismiss the Petition for lack of jurisdiction because Petitioner cannot satisfy the requisite elements to file under the "savings clause."  Response at 5.  In particular, Respondent argues that Alleyne is not retroactively applicable.  Id.

- 2 -

For the reasons that follow, the Court agrees with Respondent that this Petition is due to be dismissed for lack of jurisdiction.

**II.**

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (per curiam). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241. According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999); Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013); Chester v. Warden, 552 F. App'x 887

(11th Cir. 2014). A prisoner may not use the savings clause to circumvent the restrictions on filing a second or successive § 2255 motion. Wofford, 177 F.3d at 1245. Rather, when a petitioner challenges a "fundamental defect in sentencing," he must show the following to establish that § 2255 was inadequate or ineffective to test the legality of his detention: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. See Bryant, 738 F.3d at 1274 (synthesizing the saving's clause tests discussed in Wofford, 177 F.3d 1236; and Williams, 713 F.2d at 1343). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC-Coleman, 538 F. App'x 850 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.").

Petitioner cannot satisfy the third requirement listed above based on his Alleyne claim. The Eleventh Circuit has determined

that the rule announced in Alleyne does not apply retroactively on collateral review.  Griffin v. Warden, FCI Miami, 572 F. App'x 758, 762 (11th Cir. 2014) (citing Dohrmann v. United States, 442 F.3d 1279, 1281-82 (11th Cir. 2006) (holding that the Apprendi rule does not apply retroactively in the context of a § 2241 petition); see also McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (holding that Apprendi does not apply retroactively to claims raised in his § 2255 motion); Teague v. Lane, 489 U.S. 288, 310-11 (1989)).  Thus, Petitioner cannot bring his claim under Alleyne in a § 2241 petition.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Petition (Doc. #1) is **DISMISSED** for lack of jurisdiction.

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   16th   day of June, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record